## Henry Hollingshead, Appellee, v. Wabash Coal Company, Appellant.

MINES AND MINERS ACT—*what not defense to action under.* Contributory negligence is not a defense to an action instituted under the Mines and Miners Act.

Action in case for personal injuries. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed June 11, 1908.

CONKLING & IRWIN, for appellant.

PATTON & PATTON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $2,750 as damages for injuries alleged to have been occasioned by the wilful failure of appellant to comply with certain requirements of the Mines and Miners Act. The case was submitted to the jury upon the amended third and fourth counts of the declaration. The material allegations of these counts of the declaration are, that defendant's mine examiner when he discovered that a dangerous condition existed in plaintiff's working place, wilfully failed to place a conspicuous mark thereat, as notice to all men to keep out, and that the defendant wilfully allowed the plaintiff to enter the mine to work therein, not under the direction of the mine manager, before all conditions were made safe. The only grounds relied upon by appellant for a reversal of the judgment are, that the court refused to give to the jury peremptory instructions requested at the close of the evidence offered by the plaintiff and at the close of all the evidence in the case and that the court erred in giving and refusing certain instructions.

On February 9, 1906, appellee was employed by appellant. in its coal mine as an entry driver. He had then been engaged in driving an entry since January 1, 1906, and had driven it a distance of about twenty-six feet. It was customary in appellant's mine to support the roof of an entry by cross bars placed in notches cut in the rib of the entry every three or four feet, and timbermen were employed by appellant to do this work. At 4 o'clock in the morning of February 9, 1906, the mine examiner employed by appellant examined the entry in question and sounded the roof to determine its condition. He testified that he found the roof a little drummy and determined that a cross bar was required to support it. He marked the figures "2-9" on the wall of the entry to indicate the month and day of his visit, but made no conspicuous mark thereat as notice to all men to keep out. Upon the completion of his examination he made a report of the condition of the mine in a book kept for that purpose and known as the "Daily Mine Inspection Report," as follows:

"February 9, 1906. I hereby certify that in accordance with the mining laws of this State, I have this day duly examined this mine before commencement of work herein and find the same free from dangerous gases, the air currents circulating properly, no recent falls or obstructions in the room or roadways, and the entries and all working places in a safe condition for beginning work except Pawlitzer's and Swatzer's need cleaning and timbering, Hopper has slate needs barring, Stutches has slate needs bars, Frazier and Lonnie needs bars on 7th and 8th north, also on 11th north, Johnson and Deils room needs fixing up, old man Hollingshead needs bars.

HENRY GRAY, Mine Examiner."

It is conceded that the person referred to in the report as "old man Hollingshead" is the appellee, and that the report refers to the place in which he was then working. The evidence is conflicting as to the distance from the face of the entry to the nearest cross

bar then supporting the roof, the witnesses called on behalf of appellee fixing the distance at sixteen feet while those called on behalf of appellant fixed the distance at seven feet. On the same morning, following the examination referred to by the mine examiner, appellee was permitted to enter the mine about 7:30 o'clock for the purpose of continuing work, not under the direction of the mine manager. He had worked in the entry a short time when Smock and Wilcox, the timbermen employed by appellant, went there for the purpose of cutting the necessary notches and placing a cross bar to support the roof. The evidence tends to show that appellee then complained that the roof of the entry was not safe and that Smock told him: "If you think the place is not safe, get out and stay out until we timber it." Appellee then went to his tool box in another entry, where he ate his lunch, and shortly thereafter Smock and Wilcox were called away temporarily to do some work in another part of the mine. After the latter had gone away appellee returned to the entry and was engaged in drilling a hole with his machine in the rib of the entry, preparatory to firing a shot, when a large piece of slate in the roof fell upon him inflicting the injuries complained of.

Predicated upon the testimony of the mine examiner that when he examined the working place of appellee he did not in his judgment consider that it was in a dangerous condition but merely that it was liable to become dangerous, it is insisted by appellant that there was no occasion for the mine examiner to make a conspicuous mark as notice to all men to keep out, and that his failure to do so was not wilful within the meaning of the statute; that at most his failure to determine the condition to be dangerous was only an error of judgment on his part, and that there is a distinction between a dangerous place and a place that may in the future become dangerous if proper care is not taken of it. The distinction sought to be made is

somewhat refined but if it exists in fact it has no place in this case. The mine examiner testified that when he went into the entry that morning the condition of the roof was such that in his judgment it needed timbering and that a prop or bar was necessary to make the place safe. In the face of such testimony by the mine examiner, his further statement that without a bar or prop the place might become dangerous is meaningless. Furthermore, the report of the mine examiner, heretofore quoted, expressly excepts the place in which appellee was working from the entries and working places in the mine found by him to be in a safe condition. His report in the connection in which it is made, that "old man Hollingshead needs bars" was equivalent to a finding by him that the working place of appellee was then unsafe without bars. The entry in which appellee was working and which was his working place was manifestly unsafe, and it is conceded that no conspicuous mark was placed thereat and that appellee was permitted to enter the mine to work therein, not under the direction of the mine manager, before all conditions were made safe, but it is urged that the wilful failure of appellant to comply with the requirements of the statute in that regard, cannot be said to have been the proximate cause of appellee's injury, because the timbermen were then working in the entry and had cautioned appellee to keep out if he did not consider the place safe. If we apprehend the position of counsel it merely amounts to a claim that appellant can avoid liability for an injury resulting from its wilful failure to comply with the requirements of the statute, by showing that appellee was guilty of contributory negligence or that appellant had substituted a different method than that prescribed by statute for the protection of appellee. Neither of these positions is tenable. Contributory negligence of the injured person is not a defense to an action based upon the alleged wilful failure of a mine operator to comply with the requirements of the Mines and Miners

Act in the respects here involved (Kellyville Coal Co. v. Strine, 217 Ill. 516), and a mine operator is not authorized to substitute precautionary measures in lieu of those required by statute. Eldorado Coal Co. v. Swan, 227 Ill. 586. In the absence of conspicuous marks at his working place, as notice to appellee of the dangerous condition of the roof of the entry and to keep out, he was justified in assuming that his working place had been examined and found to be free from danger and that he might safely work therein. Kellyville Coal Co. v. Strine, *supra.*

It is conceded that appellee was permitted to enter the mine to work therein, not under the direction of the mine manager, before all conditions had been made safe. The directions, if any, given to appellee by the timbermen were not equivalent to or a substitute for directions required by the statute to be given by the manager. The wilful failure of appellant to comply with the requirements of the statute in the respects mentioned must be held to have been the proximate cause of appellee's injury, and the fact that, prior to his injury, appellee was temporarily absent from his working place, while eating his lunch, and that he was cautioned by the timbermen to keep out if he did not think the place was safe, did not operate to establish an efficient intervening cause sufficient to break the chain of causation which originated with the wilful violation by appellant of the requirements of the statute. The peremptory instructions offered on behalf of appellant were properly refused by the court.

What we have heretofore said relative to the authority of appellant to substitute a different method of precaution than that prescribed by the statute, and the effect of the cautionary warning by the timbermen to appellee, disposes of the objections urged to the action of the trial court in giving the fifth instruction offered by appellee and in refusing the thirteenth, fourteenth and sixteenth instructions offered by appellant.

There is no reversible error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*